JUAN HERNÁNDEZ, Petitioner and Appellant, *v.* MUNICIPAL COURT OF MANATÍ, JOSÉ SOTO SOTO, J., Respondent and Appellee.

No. 4238.  Argued February 8, 1928.—Decided February 24, 1928.

*V. Polanco de Jesús* for the appellant.  *José E. Díaz* for the plaintiff in the principal action.

MR. JUSTICE ALDREY delivered the opinion of the court

Under a judgment rendered by a municipal court against the plaintiff for a certain sum of money a writ was issued for its enforcement and a house was sold belonging to the defendant who thereupon petitioned the district court of Arecibo for a writ of certiorari on the ground that the judgment had been executed without notice to him and therefore the time within which to appeal had not elapsed.

After the writ had been issued and the parties had been heard the district court discharged the writ and it is from that order that the present appeal has been taken under the authority of subdivision 1 of section 295 of the Code of Civil Procedure and the cases of *The American Railroad Company of P. R.* v. *Municipal Court,* 16 P.R.R. 227, and *Agostini* v. *Municipal Court,* 33 P.R.R. 780.

The Code of Civil Procedure which went into effect on the 1st of July, 1904, provides in its section 239 that the party in whose favor judgment is given, may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement.  Section 295 provides that an appeal may be taken from a final judgment of a district court in an action or special proceeding commenced in the court in which the same was rendered within one

month after the entry of judgment, and within fifteen days after the entry of any judgment rendered on appeal from an inferior court. Section 297 provides that whenever an appeal is perfected, it stays all further proceedings in the court below upon the judgment or order appealed from.

A few months later, or in March of 1905, the Act relating to judgments and the manner of satisfying them was approved, and its section 3 provides that after the expiration of thirty days from the rendering of a final judgment in the district court, if no appeal has been perfected, the secretary shall issue execution upon such judgment at any time thereafter upon the application of the successful party; and that execution may issue in the same manner upon a judgment of a municipal court at any time after ten days from the rendering of such judgment. So that, under that act, the writ of execution of a judgment can not be issued upon the rendering of a judgment, as provided in section 239, but after the expiration of the time granted by law for appealing therefrom, the law thus creating two ways of staying the execution of judgments, one during the period within which they may be appealed from, and another by virtue of the appeal taken according to section 297.

In 1908 another act was passed to regulate appeals from judgments of municipal courts in civil cases, section 1 thereof providing that the party considering himself aggrieved by a judgment rendered by a municipal court in a civil case may appeal therefrom to the district court for the judicial district in which the municipal court is situated within ten days from the entry of judgment; and section 2 thereof provides that "the presentation of such notice of appeal shall have the effect of staying execution of the judgment." The said first section was amended by Act No. 13 of 1917 in the sense that appeals from judgments of municipal courts shall be perfected within ten days from notice of the judgment to the party against whom judgment was rendered, or

to his attorney; therefore, at present, the time within which to appeal begins to run from the service of such notice and not from the entry of the judgment.

As section 3 of the Act of 1905 in regard to judgments and the manner of satisfying them, providing that the writ of execution upon judgments of municipal courts shall not be issued until after the expiration of the term allowed for filing the appeal, has not been amended, the stay of execution of the judgment during the time within which an appeal may be taken governs as well as the stay brought about by the appeal, in accordance with section 2 of the Act of 1909, similar to section 297 of the Code of Civil Procedure, which precepts are not incompatible with the aforesaid Act of 1905, because they refer to different situations, one of them brought about by the act of one of the parties in taking an appeal, and the other by legal provision during the time granted to the losing party for taking an appeal. Therefore, it can not be contended that because of the continuance in force of section 2 of the Act of 1909 on appeals from judgments of municipal courts, according to which the perfecting of an appeal has the effect of staying the execution of the judgment, this should be the only means by which the execution of a judgment could be stayed and that it could be enforced as soon as entered, notwithstanding the time for taking an appeal may be still running, or that there has been an omission since the Legislature has provided those two manners of staying the execution of the judgment.

In view of the foregoing and because in the present case the judgment was executed without notice thereof having been given to the aggrieved party and therefore the period of ten days for appealing therefrom had not begun to run, the order of the district court appealed from must be reversed and substituted by quashing the writ of execution of the judgment rendered by the municipal court of Manatí, as well as all the proceedings taken for its enforcement.

Justices Wolf and Hutchison dissented.

## DISSENTING OPINION OF MR. JUSTICE WOLF.

The most essential element of a judgment is the power to execute it. Therefore, although I have taken part in decisions which hold that the execution of a judgment is suspended when an appeal has been taken, I have always had serious doubts whether the provisions of the Code of Civil Procedure which suspend a judgment without a bond or security were due process of law. Having harbored these doubts, even when an appeal is taken, I can not be convinced that a successful litigant must wait to execute a judgment until the time for appealing has elapsed. The law in this case, although it expressly says an execution may be taken after the time for appealing has expired, does not in terms prohibit an execution when no such appeal has been taken. Execution after judgment should always be availing until the losing party effectively puts it beyond the power of the victor to so execute. My idea is that a successful party may always execute subject to whatever consequences that follow if after the execution the losing party appeals. This is why the writ of Audita Querela exists. See 6 C. J. 850 *et seq.*